## EVERETT PATTERSON v. STATE.

No. A-7073.   Opinion Filed Dec. 7, 1929.
(283 Pac. 582.)

Green & Green and Clark & Jack Nichols, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of grand larceny and sentenced to imprisonment in the state penitentiary for a period of three years, from which sentence the defendant has appealed to this court. Petition in error and case-made was filed in this court on June 19, 1928.   Under the rules of this court, where an appeal is not supported by brief it is assumed the appeal has been abandoned or is without merit.   The court will examine the record and see whether or not any fundamental or prejudicial errors were committed by the trial court.

The testimony on behalf of the state tends to show that the defendant went to the farm of M. C. Mitchell

and loaded a quantity of cotton in a truck and hauled it to the city of Okmulgee and sold it to a man who was running the gin for some eighty-odd dollars. There was cotton in the wagon in the cotton patch of M. C. Mitchell when they quit work in the evening; the next morning when they went to the wagon a portion of the cotton was gone; the defendant appeared at the gin in Okmulgee before 8 o'clock in the morning and sold cotton, and when arrested in the city of Okmulgee had spent a portion of the money received by him for the cotton sold. The testimony of the state tended to show that the tracks of the car or truck near the wagon from which the cotton was taken correspond to the track of the truck the defendant drove into Okmulgee with cotton loaded in it.

The defendant denied he took the cotton of M. C. Mitchell, and states he let a man who had been making whisky have the truck to get a load of whisky, and that when the man came back he had the cotton in the truck and had a large quantity of whisky loaded in the truck on top of the cotton with a wagon sheet over it. The defendant states he was to drive this truck with the cotton and whisky in it to a point on the main road near Okmulgee, where he would meet a party who by his actions or words would indicate he was the party the whisky was intended for, and defendant says he met such a party and delivered the whisky to him; that it was also understood he was to drive the truck to Okmulgee and sell the cotton in the truck, and whatever it lacked of selling for $100 this party who got him to deliver the whisky would make it up when he returned. This is, in substance, the testimony.

The defendant has assigned five errors alleged to have been committed by the trial court. We have examined the record and find that the information charged an offense

of grand larceny; that the evidence is sufficient to sustain the judgment; that the instructions of the court substantially covered the law as applied to the facts in the case. The defendant was accorded a fair and impartial trial. The judgment does not contain any fundamental or prejudicial errors.

The judgment is affirmed.

EDWARDS, P. J., concurring.

CHAPPELL, J., absent, not participating.